## OREGON–WASHINGTON R. & NAV. CO. v. STRAUSS & CO., Inc.

### No. L–12529.

District Court, D. Oregon.
Dec. 2, 1940.

Maguire, Shields & Morrison and A. C. Spencer, Jr., all of Portland, Or., for plaintiff.

Ellis, Pope & Keech, of Salem, Or., for defendant.

JAMES ALGER FEE, District Judge.

The complaint alleges that sixty separate cars of grain were shipped by defendant from points in the interior to Portland on local bill of lading, upon which the rates for shipment within the State of Oregon were paid. It is also alleged that defendant intended, at the time of initial shipment and thereafter, that upon arrival at Portland the grain would be exported in interstate or foreign commerce. It is then set up that each of these cars was so exported and arrived at a point in a foreign country or another state. Recovery was asked for the transportation in the difference of the amounts paid and those computed at the higher interstate rate. The defendant denied the intention to commit the goods to interstate or foreign commerce at the point of origin.

The defendant stipulated through its attorneys to produce records of the passage of the grain carried in each of these cars, from dates of arrival on the hold track in Portland to the dates of reloading on cars or ships whereby transportation in interstate or foreign commerce was had, together with the contracts and names of ships and numbers of cars whereon the grain thus moved  Due to some mishap these records were lost. Thereafter plaintiff moved that defendant produce these records under Rule 34, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Upon failure to produce, plaintiff moved for judgment or in the alternative for relief under Rule 37, Federal Rules of Civil Procedure. Reserving this question, the parties stipulated to pertinent facts. All of the cars named in the complaint were eventually transported in interstate or foreign commerce. None of the grain was handled on consignment. The grain is classified as that (1) which was purchased outright (2) which was purchased basis terminal weights and grades (a) by contracts executed prior to initial shipment or (b) by contracts subsequent to initial shipment. The handling of the grain thereafter was outlined but no facts applicable to particular cars of grain were available owing to the failure to produce the records.

The parties submitted the cause to the court without a jury upon the stipulation. The question of the intention at initial point of shipment is vital. Inasmuch as all the grain eventually went into interstate or foreign commerce, and the defendant is one of the export dealers in grain, the intention to ship each car in interstate or foreign commerce in continuous journey, existed at point of origin. No evidence has been adduced to the contrary. Circumstances showing that defendant did not have contracts to which this grain was allocated at time of initial shipment might have required a contrary finding. But there is no such evidence in the record.

The court arrives at a similar result in regard to the motion under Rule 37.

The records demanded were all under defendant's control. The intention of defendant could only be shown thereby. The circumstances which might have established a different intention than that found above, would be evidenced only by those records. No testimony was introduced. Therefore, the plaintiff was entitled to judgment or a finding that the intention of defendant as to the grain contained in each car was as plaintiff alleged.

The court makes the findings upon the basis of the failure to produce the records but also makes the finding upon the stipulation as to each car involved.

Appropriate finding and judgment may be submitted.