## BERNAT v. PENNSYLVANIA R. CO.
### Civ. A. No. 13748.

United States District Court
E. D. Pennsylvania.
June 25, 1953.

Richter, Lord and Farage, Philadelphia, Pa., for plaintiff.

Barnes, Dechert, Price, Myers & Rhoads, Philadelphia, Pa., for defendant.

KIRKPATRICK, Chief Judge.

The defendant has failed to obey an order made under Fed.Rules Civ.Proc. rule 34, 28 U.S.C., to produce the plaintiff's own statement, taken by the defendant shortly after the accident. The matter is now before the Court to determine what penalty should be imposed.

The plaintiff argues that the only adequate penalty for a refusal is to render a judgment by default against the disobedient party under Rule 37(b) (2) (iii) and there is something to be said for his view. In a case where the refusal to produce a document makes it impossible for the plaintiff to prepare or present his case, a default judgment would be the proper remedy. However, the rule provides for a number of consequences of varying degrees of severity, and I think it is clearly intended that the Court should fit the penalty to the nature and effects of the refusal. Of course, in refusing to obey the order of the Court the defendant takes a calculated risk, but it is plain that it was not intended that he should automatically incur a default judgment in every case.

In the present case there is nothing to show that the withholding of the plain-

tiff's own statement given to the defendant will deprive the plaintiff of any vital information as to the facts of his accident or that his presentation of his case will be hindered or impaired.

I think that the proper order to make is to refuse to permit the defendant to introduce the plaintiff's statement in evidence or to use it for the purpose of cross-examination, or to refer to it at the trial. Rule 37(a) provides for the allowance of a reasonable attorney's fee in connection with the obtaining of the order to produce and 37(b) (2) provides that "the court may make such orders in regard to the refusal as are just". The order will, therefore, include the allowance of an attorney's fee of $50 to the plaintiff's counsel. An order in accordance with the foregoing may be presented.