**Leonard J. McMULLEN, Appellant,**

v.

**TRAVELERS INSURANCE COMPANY, a corporation, Appellee.**

**No. 16544.**

United States Court of Appeals Ninth Circuit.

May 9, 1960.

Leonard J. McMullen, Los Angeles, Cal., for appellant.

Chase, Rotchford, Downen, & Drukker, Louis E. Abbott, Los Angeles, Cal., for appellee.

Before STEPHENS, CHAMBERS and MERRILL, Circuit Judges.

PER CURIAM.

In this diversity action, summary judgment was entered against McMullen because he failed to submit himself to a physical examination pursuant to an order obtained by Travelers. He appeals.

McMullen's suit was on an insurance contract of Travelers in connection with his claim of total disability. Issues were joined on liability, the main one being: Is McMullen disabled?

Travelers' order for McMullen to submit to the examination was obtained under Rule 35(a), Federal Rules of Civil Procedure, 28 U.S.C.A. After persistent refusal by McMullen, an order was obtained under Rule 37(b) (2) (i), which found the facts (without any proof) in accordance with the claim or contentions of Travelers as to McMullen's physical condition. Such findings, if properly made, being dispositive of the whole action, the trial court entered summary judgment in favor of Travelers.

That there was a continued, persistent refusal is evident. The reasons for the refusal are not entirely clear. McMullen expresses fear of bodily harm. We doubt if any fear was justified. He did not object to the doctor designated as incompetent. Certainly no order for examination, though not limited as to scope, carries with it the broad authority to cut off appellant-plaintiff's leg, as he contends.

Then McMullen contends that such an order violates his "rights."

The determination of a fact issue is a search for the truth, and he who raises the issue just has to submit to a physical examination when it is relevant to ascertaining the truth of the issue.

While a more normal method of disposing of the case would be a dismissal with (or without) prejudice, or the rendering of judgment by default against the disobedient party, as provided in Rule 37(b) (2) (iii), still the exact procedure of finding the facts against him who refuses is provided by Rule 37(b) (2) (i), supra. Once achieved, the entry of summary judgment would appear to have been eminently proper.

We surmise that the customary use of Rule 37(b) (2) (i) would be found in the case where a court desired as a sanction to deprive a party of one issue, among several, leaving others open. But the rule is not limited to non-dispositive issues.

McMullen insists he was still entitled to a jury trial on all issues, including his physical condition. The right to a jury trial depends on having an issue to go to a jury. By his own act or inaction, McMullen lost his. And we can find no abuse of discretion, even though the court may have done in two steps what could have been done in one.

Judgment affirmed.