John B. TAGGART

v.

**VERMONT TRANSPORTATION CO., Inc.**
and
Albert Legg.

Civ. A. No. 26997.

United States District Court
E. D. Pennsylvania.

May 16, 1963.

James E. Beasley, of Beasley & Ornsteen, Philadelphia, Pa., for plaintiff.

Thomas E. Comber, Jr., of Pepper, Hamilton & Scheetz, Philadelphia, Pa., for defendants.

FREEDMAN, District Judge.

Defendants have moved for a new trial after a verdict against them in the amount of $45,000. The suit was for injuries the plaintiff sustained when the automobile he was driving collided with a tractor-trailer owned by the corporate defendant and operated by the individual defendant.

The accident occurred on December 17, 1958, at about 10 P.M. The tractor-trailer had become disabled and was parked on the highway about half way up the western end of the Penrose Avenue Bridge. Defendants were charged with negligence because they left the tractor-trailer unlighted and unprotected.

The reasons assigned in the motion for a new trial are now reduced to the exclusion of the evidence of an expert witness, Littlefield, and of an eyewitness, Reynolds.

1. *The exclusion of Littlefield as an expert.*

Defendants called Littlefield as a factual witness. He is an electrical en-

gineer in the Street Lighting Section of the Department of Streets of the City of Philadelphia. He described the character of the lighting that existed on the Penrose Avenue Bridge at the time of the accident and testified that according to the City's records the lights were burning that night. He was not cross-examined. (N.T. 222–24).

After the noonday recess defendants recalled Littlefield and sought to qualify him as an expert. Plaintiff's objection to this was sustained. (N.T. 275–79). There was no formal offer of proof of what the witness would have testified to as an expert, and the colloquy of counsel indicates only an intention to call him as an expert "with reference to the lighting conditions on the bridge". (N.T. 275). The distinction between this and the factual testimony he had already given is not clear. Nevertheless we shall deal with the ruling on its merits.

Defendants' amended pretrial memorandum listed among their prospective witnesses, "* * * an expert witness who is presently not selected and therefore unknown to testify with respect to the light conditions at the scene of the accident, whose name will be later supplied when he is selected * * *". Defendants admit that no expert's name was ever supplied to the plaintiff. They contend, however, that they were not required to do so because Littlefield was properly called under their pretrial memorandum as a representative of the Philadelphia Department of Streets.

The Local Rules dealing with pretrial memoranda seek to clarify the issues and reduce the element of surprise. They therefore require that each party list in his pretrial memorandum the "names and addresses of all witnesses (except rebuttal) whom [he] * * * expects to call to testify at the time of trial".[1] These Rules, which require the most complete disclosure on both sides, must not be permitted to degenerate in practice into traps for the unwary. Compliance with their provisions should be candid and complete. Counsel will not be required to read his adversary's pretrial memorandum in search for what it may conceal. To list as a prospective witness an expert not yet selected and whose name will be supplied when he is selected, is to declare that the expert is someone other than the representative of the City of Philadelphia, who is separately listed as a prospective witness. Moreover, the designation of a witness in a representative capacity indicates that his testimony will relate to the activity of the municipality for which he is acting. An expert, however, is entitled to speak only because of his individual qualifications and not because of any representative capacity.

Since the defendants never supplied to the plaintiff the name of an expert, as they were required to do under their pretrial memorandum, they were not entitled to call Littlefield as an expert. Plaintiff's objection was substantively well founded. For he had secured no expert of his own, on the justified assumption that since defendants had given him no notice that they had selected an expert, none would be offered at the trial.

2. *The exclusion of Reynolds as an eyewitness*

▮ Near the very end of the trial defendants called one Reynolds, whom they offered as an eyewitness to the accident. (N.T. 225, 231–33, 295). Plaintiff objected on the ground that defendants had not designated Reynolds as an eyewitness in their answer to interrogatories, filed on June 7, 1962, six months before the trial. The interrogatories specifically called for the designation of the identity of all eyewitnesses known to defendants. Defendants' answer to the interrogatories stated that the only eyewitnesses known to them were the parties and one Clark. The interrogatories were continuing in nature under both the express terms of the interrogatories and the pro-

---

1. Standing Order adopted October 23, 1958, § 3C.

visions of our Local Rule 20(f).[2] Indeed, aside from our Local Rule and the terms of the interrogatories, good faith would require that information acquired subsequent to the filing of an answer to interrogatories must be disclosed by supplemental answer.[3] Defendants concede that they learned that Reynolds was an eyewitness on October 22, 1962, almost two months before the trial began (N.T. 260, 294, 296),[4] yet they allowed their answer to stand unchanged. Not until they called Reynolds to the stand and answered the plaintiff's request for an offer of proof did they disclose—inferentially—that their answer was incorrect.

Defendants seek to justify their plain impeachment of their answer to the interrogatories by asserting that they themselves learned of Reynolds when they noticed his name on plaintiff's pretrial memorandum filed December 29, 1961,[5] six months before they filed their answer. They claim that they had a right to assume that plaintiff already knew what they later learned from Reynolds.

At this point there is revealed a lamentable failure on both sides to comply with our Local Rules. Plaintiff claims that he did not intend to call Reynolds because his investigation indicated that Reynolds was not an eyewitness and was embittered against the plaintiff because he had not asked Reynolds to repair his damaged automobile. Plaintiff concedes, however, that he listed Reynolds as a prospective witness, but claims that in doing so he merely followed a widespread practice of listing all those who might have any information in order not to lose the right to call any one of them at the trial if it became desirable to do so.

Plaintiff's artificiality in listing Reynolds in his pretrial memorandum was met by the defendants' similarly artificial response. In their pretrial memorandum they declared that they would call such witnesses whom they may select from among those whom plaintiff listed. Later, on September 20, 1962, defendants filed an amended pretrial memorandum in which they listed Reyonlds' name as a prospective witness. But they concede that Reynolds was listed simply because they copied as "a matter of course" the names of all those witnesses who appeared in the plaintiff's pretrial memorandum. (N.T. 234–35).

Thus the parties came to trial. Plaintiff had listed Reynolds, although without any intention to call him as a witness. Defendants had listed him apparently for no other reason than because his name appeared on plaintiff's pretrial memorandum.

 It is clear that both parties have equally violated our Rule. For the Rule

---

2. Local Rule 20(f) provides: "Upon discovery by any party of information which renders that party's prior answers to interrogatories substantially inaccurate, incomplete or untrue, such party shall file appropriate supplemental answers with reasonable promptness."

3. See McNally v. Yellow Cab Company, 16 F.R.D. 460 (E.D.Pa.1954), Kirkpatrick, Ch. J.; Wolf v. Dickinson, 16 F.R.D. 250 (E.D.Pa.1953); Smith v. Acadia Overseas Freighters, 120 F.Supp. 192 (E.D.Pa.1953). See also Annotation, 88 A.L.R.2d 657, 666.

4. In an effort to ascertain the circumstances which lay behind the formal proceeding, Reynolds was questioned, with the jury excluded, regarding each party's knowledge of the information he had. He testified that the statement he gave to the defendants on October 22, 1962, was the first statement he gave to anyone. (N.T. 296). He did not recall ever having been asked about the accident by the plaintiff (N.T. 293), although plaintiff exhibited to the court a statement of his investigator which indicated that the investigator had interviewed Reynolds on February 25, 1959, and was told that he was not an eyewitness to the accident. It may be that Reynolds did not identify the interviewer on February 25, 1959, as one acting for the plaintiff.

5. There is a slight discrepancy in some of the dates dealing with the filing of pleadings or discovery papers, because in some instances copies apparently were served a day or so prior to the filing of the original.

requires that each party designate the names and addresses of all those witnesses whom he *"expects to call to testify at the time of trial"*. A wholesale and indiscriminate listing of all those who might by the remotest possibility have anything to do with the case, even those who the plaintiff has learned know nothing about the case, is a violation of our Rule. Yet this is what the plaintiff did in listing Reynolds as a witness, even though he did not, as the Rule requires, *expect* to call him to testify at the time of trial. But the defendants equally violated the letter as well as the spirit of the Rule. To list as witnesses whom the defendants *expected* to call to testify at the time of trial all those who are named in the plaintiff's pretrial memorandum is equally an indiscriminating, wholesale dumping of witnesses' names into the memorandum without any intention of determining which of them, if any, might be called. It is not a statement of the names of witnesses whom the defendants *expect* to call; it is rather a declaration of desire to be counted in on anything plaintiff might know if it turns out to have any substance.

If the question before us were simply the violation of our pretrial conference rules, we might conclude that plaintiff and defendants are equally at fault and that neither of them is entitled to the protection of the Rule relating to the listing of witnesses. But the additional element which is decisive here is the defendants' declaration in their answer to the interrogatories which amounted in effect to a statement that there were no eyewitnesses known to them other than the parties themselves and Clark. To have permitted them to call Reynolds as an eyewitness would be to permit them to reap an affirmative and surprising advantage at the time of trial, although it

rendered false their answer to the interrogatories. Here was the violation of another, separate Rule, one in which the plaintiff was not in pari delicto. It is one, moreover, which deals with factual information sworn to by the parties themselves, and not with briefs or memoranda signed by counsel. It is, therefore, not unfair to hold them to their oath.

The exclusion of the evidence of a witness, especially one who is said to have been an eyewitness to an accident, is no easy matter. In the circumstances presented at the trial the difficult decision had to be made whether to allow the evidence to go in with its accompanying advantage to the defendants of surprising the plaintiff because of their suppression of the existence of the eyewitness, or to require the trial to proceed as the defendants had channelled it by their answer to the interrogatories and thereby exclude the evidence. In the one case, violation of the Rules would have brought substantial, unfair advantage to the defendants. In the other case, the jury would have been deprived of some of the evidence then available. The former choice, moreover, would have meant a reinforcement of an attitude of chaotic indifference to the most fundamental requirements of discovery. This is not the first time when the need to maintain an orderly system of procedure has required a court, however regretfully, to impose a sanction which results in the exclusion of some, or even all, of a party's evidence. Under Rule 37(d) partial judgment by default or a partial foreclosure of evidence or a defense may be entered against one who willfully refuses to answer an interrogatory. The imposition of sanctions, even to the extent of the dismissal of an action, is fully recognized by Rule 37.[6] Rule 41(b) provides for

6. See Bernat v. Pennsylvania R. Co., 14 F.R.D. 465 (E.D.Pa.1953), where Kirkpatrick, Ch. J., on defendant's failure to obey an order to produce a statement it obtained from plaintiff, refused to permit the defendant to introduce the statement in evidence or to use it for the purpose of cross-examination or to refer to it at the trial, and stated that a judgment by default under Rule 37(b)(2)

dismissal of an action for failure to comply with the Rules.[7] What was done here was in effect a partial foreclosure by the exclusion of the testimony of Reynolds because of the defendants' refusal to identify him as an eyewitness. Such a power, of course, is to be exercised with the utmost caution and restraint. It is nevertheless a power fully recognized by the Rules and inherent in the judicial function.[8] The ruling at the trial was fully justified in the circumstances.

## ORDER

And Now, May 16, 1963, the motion of defendants for a new trial is denied.

(iii) would have been justified. In United States v. 42 Jars, More or Less, 264 F.2d 666 (3d Cir., 1959), Goodrich, J., a default decree of condemnation under Rule 37(d) because of claimant's refusal to answer interrogatories was sustained. Cf. Southard v. Pennsylvania R. R. Co., 24 F.R.D. 456 (E.D.Pa.1959), where a motion for judgment under Rule 37 because defendant willfully filed false answers to plaintiff's interrogatories was denied by Wood, J., who found that there was no willfulness and questioned whether the filing of answers, even if false, is tantamount to a refusal to answer.

7. See Societe Internationale Pour Participations Industrielles Et. Commerciales, S. A. v. Rogers, 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958).

8. See Link v. Wabash Railroad Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962), rehearing den. 371 U.S. 873, 83 S.Ct. 115, 9 L.Ed.2d 112.