**Alvin H. FRANKEL, Guardian of the Estate of Galen Stoner, a minor**

v.

**Kenneth E. STAKE and Franklin R. Stoner.**

**Civ. A. No. 23811.**

United States District Court
E. D. Pennsylvania.

June 13, 1963.

Feldman & Feldman, Philadelphia, Pa., by Stephen M. Feldman, Philadelphia, Pa., for plaintiff.

John J. McDevitt, 3rd, Philadelphia, Pa., by Peter P. Liebert, 3rd, Philadelphia, Pa., for defendant Stake.

WOOD, District Judge.

This is a motor vehicle case which we heard without a jury and made appropriate findings of fact and conclusions of law which we filed on March 4, 1963. Our verdict was in favor of the plaintiff against the defendant Stoner, but we found no negligence on the part of the defendant Stake. Since the plaintiff had given Stoner a release, judgment was entered in favor of both defendants. .

Plaintiff, by this motion, seeks a new trial and asserts that we erred in finding no negligence on the part of Stake. Error is also alleged in our finding of fact No. 12 which held that Stoner never indicated his intention to make a left turn across the highway into a roadside diner. The other ground for this motion is the Court's refusal to allow the plaintiff to cross-examine a witness on her prior written statement which statement was first made known to the defendant Stake when the witness was in the box. The plaintiff was in possession of this statement some three to four weeks before trial but never advised the de-

1

**2**

fendant of this fact. It seems that the witness who was a passenger in Stake's car had married and moved from her home after the accident. Both parties had difficulty locating her until January, 1963. What made the denial of this statement more proper was the defendant's reliance on the plaintiff's answer to an interrogatory which stated that the plaintiff had no statements from any person involved in this action.[1] This reliance was persisted in by Stake even after the plaintiff obtained the statement and never amended his answer to the interrogatory before trial.

Apart from strict legal principles a basic sense of justice and fair play compels counsel to deal with their colleagues in an above-board manner. It is not too much to require of a lawyer that he advise his adversary of the existence of such a statement, *at least* before his opponent pursues his direct examination in reliance upon the nonexistence of any statement, only to find to his surprise that his witness has been *brought to the block.*

Local Rule 20(f) requires a party to file supplemental answers to interrogatories which are incomplete, inaccurate or untrue with reasonable promptness. To allow the plaintiff to use this statement under the circumstances would have accorded the plaintiff an unfair advantage.

> "* * * This is not the first time when the need to maintain an orderly system of procedure has required a court, however regretfully, to impose a sanction which results in the exclusion of some, or even all, of a party's evidence." Judge Freedman in Taggart v. Vermont Transportation Co., Inc. and Albert Legg, D.C., 32 F.R.D. 587.

If by our enforcement of Local Rule 20 (f) we have prejudiced the plaintiff in any way, such prejudice is outweighed by our elimination of the element of ambush from this case.

The plaintiff's other objections are adequately covered by our prior opinion and we reaffirm our rulings which hold that the plaintiff failed to prove any negligence on the part of the defendant Stake.

### ORDER

And Now, this 13th day of June, 1963, the plaintiff's motion for a new trial is denied.

---

1. We did not foreclose the plaintiff's cross-examination of this witness either before or after our ruling on this statement.

Only questions pertaining to the statement were excluded.