CROMAGLASS CORPORATION,
Plaintiff,

v.

Carl FERM et al., Defendants.

Civ. A. No. 71-23.

United States District Court,
M. D. Pennsylvania.

June 27, 1972.

Candor, Youngman, Gibson & Gault, Williamsport, Pa., Pattison, Wright & Pattison, Bethesda, Md., for plaintiff.

Stuart, Murphy, Hager & Smith, Williamsport, Pa., Peter N. Lalos, Nathaniel A. Humphries, Mason, Fenwick & Lawrence, Washington, D.C., for defendants.

OPINION

MUIR, District Judge.

The questions in this case are whether the Plaintiff has violated an order of this court directing it to answer certain interrogatories and, if so, what sanctions will be imposed. We find the Plaintiff in willful violation of the order and sanctions will be imposed for civil contempt. This opinion does not deal with the criminal contempt, if any, of Plaintiff, its president, and its patent attorney, which is the subject of a separate, pending proceeding. This court has power to impose sanctions for a civil contempt which are remedial in nature to correct a wrong to a party as well as sanctions for a criminal contempt which are punitive in nature. Southern Railway Co. v. Lanham, 403 F.2d 119 (5th Cir., 1968).

This action was instituted by the Cromaglass Corporation for (a) infringement of certain patents; (b) falsely marking advertising literature with the notation "patent pending"; and (c) unfairly competing with the Plaintiff by misappropriation of certain trade secrets of the Plaintiff.

On June 4, 1971, Defendants propounded interrogatories to Plaintiff. Plaintiff objected to Interrogatories Nos. 20, 21, and 24. The case was thereafter assigned to the undersigned judge who entered an order on October

4, 1971, relating to objections to interrogatories, among other things, which provided in Paragraph 1.4 that unless a brief in support of the objections to interrogatories were filed by October 19, 1971, the objections to interrogatories would be deemed withdrawn. The Plaintiff filed no brief in support of its objections to interrogatories. Despite that fact, the case was treated until March 22, 1972, the date of the order violated, as though the objections had not been withdrawn. Defendants filed a motion for an order compelling Plaintiff to answer the interrogatories and also served a request for the production of certain documents and entry upon the premises of Plaintiff for inspection and other purposes. Plaintiff objected to the production of certain of such documents and entry upon its premises.

On January 20, 1972, the court granted Defendants' motion for an order compelling answers with respect to Interrogatories 20, 24, and 25 subject to conditions to be approved by the court to minimize unnecessary disclosure thereof, setting no date for compliance but directing counsel for the parties to submit in writing to the court proposals as to such conditions by January 31, 1972. The defendants timely filed their proposals. The Plaintiff never filed any proposals whatsoever. On March 22, 1972, the Court entered an order directing Plaintiff to answer Interrogatories Nos. 20, 21, 24, and 25 within thirty (30) days, subject to certain secrecy restrictions in Plaintiff's favor, directing Plaintiff to produce some of the documents requested, also subject to secrecy restrictions, and directing counsel for both parties to submit to the Court within seven days specific proposals concerning the inspection and photographing of parts of Plaintiff's premises. In particular, Plaintiff was directed to include in its proposal a description of the physical limitations to which such inspection and photographing should be restricted, disclosure restriction requirements, and the date, time and duration of the inspection.

The order provided that upon receipt of proposals from each party, the court would enter a further order fixing the date, time and conditions for the inspection and photographing of Plaintiff's premises.

Defendants complied with the Court's order by filing their proposals, asking that the Court designate the areas to be inspected with reasonable particularity. Plaintiff, however, again failed to file a written proposal with the Court as directed and the Court was thus unable to issue an order for inspection of the premises which described the premises with particularity. The parties apparently thought they had agreed upon a date and conditions for the inspection and photographing of Plaintiff's premises, but on the agreed date, April 24, 1972, a substantial dispute arose as to the inspection and photographing.

While the declination of Plaintiff to submit a proposal for inspection and photographing of its premises is inexcusable, it does not warrant grant of Defendants' motion for sanctions for failure of Plaintiff to afford Defendants full access to Plaintiff's premises.

On April 24, 1972, Plaintiff filed purported answers to Interrogatories Nos. 20, 21, 24, and 25 which are the gravamina of Defendants' motion for sanctions.

In Sub-Paragraph (8) of Count IV of the Complaint, Plaintiff alleged that Defendant Plast-A-Form Corporation, utilizing all of the confidential and specialized knowledge and information respecting the fabrication and sale of aerobic sewage treatment acquired by Defendant Carl Ferm while in the employ of The Cromar Company, Plaintiff's predecessor, initiated the manufacture and sale of a household aerobic sewage treatment unit incorporating the design and construction features of a unit which Carl Ferm had designed for The Cromar Company while employed by it.

Interrogatory No. 20 reads as follows: "Identify and fully describe all

'confidential and specialized knowledge and information' referred to in Sub-Paragraph (8) of COUNT IV of the Complaint." Plaintiff originally objected to the interrogatory on the ground that to answer would result in public disclosure of confidential knowledge and information. The Court ordered Plaintiff to answer this Interrogatory, subject to a secrecy protection for Plaintiff. Plaintiff then answered the interrogatory as follows: "The confidential and specialized knowledge and information referred to in Sub-Paragraph (8) of Count IV of the Complaint intends to refer to that information accumulated by plaintiff and its predecessor at great cost and expense pertaining to all of the materials, and suppliers thereof, utilized in the fabrication of aerobic sewage treatment equipment and to the names and addresses of customers and potential customers, dealers and distributors and health department officials, all accumulated at great cost and expense to plaintiff during the period of employment of Carl Ferm by Plaintiff and plaintiff's predecessor."

Interrogatory No. 21 reads as follows: "Identify all known documents describing or including any information about 'the confidential and specialized knowledge and information respecting the fabrication and sale of aerobic sewage treatment equipment' as set forth in Sub-Paragraph (8) of COUNT IV of the Complaint." The preliminary instructions on page 2 of Defendants' Interrogatories provided that when asked to "identify" a document, Plaintiff describe the document sufficiently to enable the identification of such document in a motion for the production of documents under Rule 34, including the description, the date and general nature and subject matter of the document, the names and addresses of the author "and/or" addressee and of each person receiving a copy of the document, and a place where and the name of each person in whose custody or control a copy of such document might be found, or the name and address of the person who last had custody or control of such document. Plaintiff originally objected to answering this interrogatory on the grounds that to do so would be unduly burdensome. The Court ordered Plaintiff on March 22, 1972 to answer Interrogatory No. 21, subject to a secrecy protection for Plaintiff. In response to the order, Plaintiff answered such interrogatory as follows: "All of those documents constituting the files of plaintiff containing or relating to that knowledge and information identified in Answer to Interrogatory 20."

Interrogatory No. 24 reads as follows: "Describe each and every aspect of the fabrication of Defendants' aerobic sewage treatment equipment which Plaintiff asserts in Sub-Paragraph (8) of COUNT IV of the Complaint to involve 'confidential and specialized knowledge and information' of Plaintiff." Initially, Plaintiff objected to Interrogatory No. 24 on the ground that such answer would require Plaintiff publicly to disclose trade secrets. Pursuant to the Court's Order of March 22, 1972, directing Plaintiff to answer Interrogatory No. 24, subject to a secrecy protection for Plaintiff, Plaintiff answered as follows: "The confidential and specialized knowledge and information involved in the fabrication by defendant is that knowledge and information described in Answer to Interrogatory 20 which was acquired by defendant Carl Ferm while in the employ of plaintiff's predecessor."

Interrogatory No. 25 reads as follows: "Describe all aspects of the sale of Defendants' aerobic sewage treatment equipment which Plaintiff contends to involve 'confidential and specialized knowledge and information' to which Plaintiff is asserting a right in Sub-Paragraph (8) of COUNT IV of the Complaint." Initially, Plaintiff responded to this Interrogatory by describing all such aspects as "those aspects dealing with the methods of establishing and working with sales representatives, including the identification of sales representatives and of information given to

sales representatives which were given to Carl Ferm in the employ of plaintiff or plaintiff's predecessor." Then, pursuant to the Court's order of March 22, 1972, directing Plaintiff more fully to answer Interrogatory No. 25, subject to a secrecy protection for Plaintiff, it responded to Interrogatory No. 25 as follows: "The Answer to this Interrogatory is the same as the Answer to Interrogatory 24."

Plaintiff's answers to Interrogatories Nos. 20, 21, 24 and 25 are wholly evasive and nonresponsive.

The answers to #20 can hardly be construed to enlighten Defendants as to the information allegedly misappropriated. What are the confidential materials? Who are the confidential suppliers of such materials? What are the confidential names and addresses of such customers, potential customers, dealers, distributors and health department officials?

As to #21, Plaintiff has not identified specific documents but has described them generally.

Plaintiff's answers to Interrogatories Nos. 24 and 25 do not inform Defendants of the specific materials and suppliers allegedly used by Defendants, and the specific names and addresses of the customers, potential customers, dealers, distributors and health department officials allegedly contacted by Defendants, which use and contact Plaintiff contends constitutes a misappropriation of its proprietary rights.

This case was set on October 4, 1971, for trial on March 14, 1972. On February 23, 1972, upon motion of Defendants, when it appeared to the Court that the Defendants' discovery proceedings were abortive and by reason thereof Defendants could not prepare their case by the trial date, the trial was postponed until July 24, 1972, and is presently set for August 14, 1972. Now more than a year after the interrogatories were filed and about six weeks before the date set for trial, Defendants are not much better informed regarding the allegedly misappropriated trade secrets than they were at the commencement of this action, and have been deprived of an adequate opportunity to prepare their defense.

Rule 37(a) (3) of the Federal Rules of Civil Procedure provides that an evasive or incomplete answer is to be treated as a failure to answer. Rule 37(b) (2) provides, in part, that if a party fails to obey an order to provide discovery, the court may make such orders in regard to the failure as are just, and among others, an order that designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order, an order prohibiting the disobedient party from introducing designated matters in evidence, an order treating as a contempt of court the failure to obey a prior order, and an order requiring the disobedient party or the attorney advising him or both to pay reasonable expenses, including attorney's fees, caused by such failure.

Philadelphia Housing Authority et al. v. American Radiator and Standard Sanitary Corporation, 50 F.R.D. 13 (E.D. Pa.1970), affirmed, 438 F.2d 1187 (3d Cir., 1971) provides an interesting parallel. There, the Plaintiffs, in response to an order, submitted evasive answers which related to a critical aspect of the defense, whereupon the defendants filed a motion under Rule 37 to dismiss the action. The court found the answers evasive and dismissed the action as a result of such violation.

Dismissal of the action here may be too harsh, although this was the result also reached in Von Der Heydt v. Kennedy, 112 U.S.App.D.C. 78, 299 F.2d 459 (1962) for failure specifically to identify documents similar to Plaintiff's failure with respect to Interrogatory #21.

Orders such as would designate facts as alleged by Defendants as being established for purposes of the litigation were issued in McMullen v. Travelers Insurance Company, 278 F.2d 834

(9th Cir., 1960); and Life Music, Inc. v. Broadcast Music, Inc., 41 F.R.D. 16 (S.D.N.Y., 1966); Kahn v. Secretary of Health, Education, and Welfare, 53 F.R.D. 241 (D.C.Mass., 1971), and Oregon-Washington R. & Nav. Co. v. Strauss et al., 38 F.Supp. 229 (D.C.Or., 1940). Orders such as would prohibit Plaintiff from supporting its claims or introducing designated matters in evidence were issued in Bernat v. Pennsylvania R.R., 14 F.R.D. 465 (E.D.Pa., 1953) and O'Neill v. United States, 79 F.Supp. 827 (E.D.Pa., 1948). Sanctions of these types appear merited in this case.

█ The Court has the right also to impose fines against Plaintiff or its officers for civil contempt in an amount not exceeding that which is sufficient to compensate Defendants for costs and fees arising from Plaintiff's acts of contempt, National Drying Machinery Co. v. Ackoff, 245 F.2d 192 (3d Cir. 1957), and on Plaintiff's attorney for failure to obey the Court's lawful order. Odell v. Bausch & Lomb Optical Co., 91 F.2d 359 (7th Cir. 1937). Defendants' counsel have submitted time records showing services totalling 125.1 hours billed to Defendants at $50.00 per hour, and expenses of $143.04, all of which total $6,398.04, for briefing and attendance of counsel in court in connection with Plaintiff's violation of this court's order of March 22, 1972. The court finds that $4,000.00 constitutes reasonable expenses, including attorneys' fees, caused by the failure of Plaintiff to answer the interrogatories. Therefor, the Court will require payment of said sum to the Defendants by the Plaintiff and its patent attorney, William H. Pattison, Jr., as a joint and several liability. Such an award is deemed just, and if in error at all, to be on the lenient side.

An appropriate order will be entered. This opinion shall constitute the Court's findings of facts and conclusions of law.

## ORDER IMPOSING SANCTIONS

In accordance with the Opinion filed this day, It is Ordered and Adjudged that:

1. The Defendants' amended motion for imposition of sanctions on Plaintiff for failure to answer Interrogatories 20, 21, 24 and 25 as directed by the court's order of March 22, 1972, is granted.

2. The following facts shall be taken to be established for the purposes of this action in accordance with the claims of the Defendants.

2.1 Carl Ferm acquired no confidential or specialized knowledge or information respecting the fabrication or sale of aerobic sewage treatment equipment while in the employ of The Cromar Company, Plaintiff's predecessor.

2.2 There is no confidential or specialized knowledge or information of the Plaintiff involved in the fabrication of Defendants' aerobic sewage treatment equipment.

2.3 There is no confidential or specialized knowledge or information involved in the sale of Defendants' aerobic sewage treatment equipment to which Plaintiff has any right.

3. The Plaintiff shall not introduce into evidence anything relating to matters contained in Sub-Paragraph (8) of Count IV of the Complaint except that Plast-A-Form Corporation initiated the manufacture and sale of aerobic sewage treatment units subsequent to April 19, 1969.

4. The Plaintiff and its patent attorney, William H. Pattison, Jr., are in civil contempt of the lawful order of this court dated March 22, 1972, by reason of Plaintiff's refusal to answer interrogatories 20, 21, 24, and 25 propounded to Plaintiff on June 4, 1971. This order shall not bar a finding of criminal contempt as to the same persons and Allan N. Young, Jr., President of Plaintiff, with respect to the same interrogatories.

5. The Plaintiff and the patent attorney, William H. Pattison, Jr., who advised it shall jointly and severally pay to the Defendants as reasonable expenses, including counsel fees, the sum of $4,000.00 within thirty days hereof, said expenses having been caused by the un-

justified failure of Plaintiff to answer interrogatories 20, 21, 24, and 25 as required by the above order of March 22, 1972. There are no circumstances making the award unjust.

6. The Plaintiff is and has been since March 29, 1972 in default with respect to Paragraph 4 of the order of March 22, 1972, requiring submission of a proposal concerning inspection and photographing of parts of Plaintiff's premises located in the Williamsport, Pa. area. Unless the default is cured within ten days from the date of this order, Defendants may move for additional sanctions.