**BEAU PRODUCTS, INC., et al., Plaintiffs,**

v.

**PERMAGRAIN PRODUCTS, INC., Defendant.**

Civ. No. 81–1428.

United States District Court, M.D. Pennsylvania.

March 9, 1983.

Marvin Beshore, Beshore & Bickley, Harrisburg, Pa., for plaintiffs.

Steven A. Asher, LaBrum & Doak, Philadelphia, Pa., for defendant.

## OPINION

MUIR, District Judge.

Plaintiffs Beau Products, Inc. and Newell E. Coxon, Inc., t/d/b/a Pennwood (hereinafter jointly referred to as "Pennwood") filed this action against Defendant Permagrain Products, Inc. (Permagrain) on December 15, 1981. This is an action brought under Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 and 26, Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2, and the common law of Pennsylvania. Pennwood, a manufacturer and distributor of wood flooring and trim products, claims that Permagrain, also a wood flooring manufacturer and distributor, has monopoly power in a certain segment of the wood flooring industry and has used its monopoly power to injure Pennwood.

Permagrain has filed a counterclaim alleging that Pennwood and Robbins, Inc. of Cincinnati, Ohio, conspired to restrain trade by agreeing that they would not sell wood to Permagrain below a certain price. Pennwood is also alleged tortiously to have interfered with Permagrain's business relationships.

On November 19, 1982, Pennwood filed a motion to compel discovery and a supporting brief. Permagrain failed to file a memorandum of law in opposition to the motion to compel discovery. By order of December

16, 1982, and pursuant to Rule 401.6 of the Rules of Court for the United States District Court for the Middle District of Pennsylvania, Permagrain was deemed not to oppose the motion, and the motion was granted. The Court directed that, within 15 days after December 16, 1982, Permagrain (1) file an appropriate response to Pennwood's request for production of documents of October 5, 1982; (2) file complete answers to Pennwood's First Set of Interrogatories Nos. 6, 16(a), 16(b), 18, 20, 21, 23, and 25; (3) identify and produce all documents requested in Pennwood's First Set of Interrogatories Nos. 3 and 22; and (4) identify and produce all documents requested in Pennwood's First Request for Production of Documents ¶ 12.

On December 17, 1982, Steven A. Asher, Esq. of the firm of LaBrum and Doak entered an appearance for Permagrain.

On January 18, 1983, Pennwood filed a motion for sanctions for failure of Permagrain to comply with this Court's order of December 16, 1982. On January 24, 1983, Permagrain filed an "Answer" in opposition to Pennwood's motion for sanctions and a "Response" to this Court's Order of December 16, 1982. The "Response" indicated that, because the firm of LaBrum and Doak had only recently been retained as counsel for Permagrain and several weeks were required for counsel to organize the extensive legal files and other documents in this case and evaluate the status of the discovery to date, Permagrain was not able to meet the schedules in this Court's order of December 16, 1982. Permagrain indicated that by January 31, 1983, it expected to meet all of the outstanding discovery obligations and comply fully with this Court's December 16, 1982 order. Permagrain neither requested nor received an extension of time from this Court within which to comply with the December 16, 1982 order. The "Response" to this Court's order is anomalous, to say the least. On January 28, 1983, Pennwood filed a memorandum of law in support of its motion for sanctions. The motion was opposed by Permagrain on February 11, 1983 and Pennwood filed a reply memorandum on February 24, 1983. Thereafter, the parties submitted a "Statement of Conference" to resolve this dispute, pursuant to Local Rule 402.6. While the "Statement of Conference" indicates that Permagrain has, or shortly will, produce certain discovery materials, the parties have not resolved the motion for sanctions. Furthermore, some Court-ordered discovery is still outstanding. The motion is ripe for disposition by the undersigned.

As a suggested sanction for the failure of Permagrain timely to comply with this Court's order of December 16, 1982, Pennwood requests that this Court enter an order that, for the purposes of this litigation (1) acrylic wood flooring is a relevant product market under Sections 1 and 2 of the Sherman Act; (2) the continental United States is a relevant geographic market under Sections 1 and 2 of the Sherman Act; and (3) at all relevant times, Permagrain possessed monopoly power in the relevant product and geographic market of acrylic wood flooring in the continental United States.

Rule 37(b)(2) of the Federal Rules of Civil Procedure confers upon this Court broad discretion to make "such orders . . . as are just" in regard to the failure of a party to obey an order of this Court regarding discovery. Included among the sanctions which this Court may impose in appropriate circumstances are:

(A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party opposing the order;

(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence;

(C) An order striking out pleadings or parts thereof, or staying the further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

(D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of Court the failure to obey any orders except an order to submit to a physical or mental examination

\* \* \* \* \* \*

In lieu of any of the foregoing orders or in addition thereto, the Court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust. F.R.Civ.P. 37(b)(2).

■ Discovery sanctions under Rule 37(b)(2) are appropriate for any non-compliance with this Court's order and no willfulness, contumacy, or design need be shown. *Societe Internationale Pour Participationes Industrielles et Commerciales, S.A. v. Rogers,* 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958). *See National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976) (per curiam) ("[T]he most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.") *Cf. Cromaglass Corp. v. Ferm,* 344 F.Supp. 924 (M.D.Pa.1972) (Muir, J.), *affirmed* 500 F.2d 601 (3d Cir.1974) (en banc) (contempt sanctions and preclusionary orders appropriate for Plaintiffs' failure to answer interrogatories.) The scope of this Rule is so broad that it can even be used to establish personal jurisdiction over a defendant. *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982).

Pennwood requests sanctions specifically under Rule 37(b)(2)(A) which empowers the Court to issue an order establishing facts "in accordance with the claim over the party obtaining the order" as a sanction for refusal to make discovery. *E.g. Evanson v. United Oil Co. of California,* 85 F.R.D. 274 (D.Minn.1979). *Cf., Mangano v. American Radiator & Std. Sanitary Corp.,* 438 F.2d 1187 (3d Cir.1971).

■ As Permagrain notes in its memorandum of law, consistent with the "deterrence" rationale of Rule 37, the most severe discovery sanctions are generally reserved for cases involving egregious misconduct by the non-complying party. *E.g. Penthouse International Ltd. v. Playboy Enterprises,* 663 F.2d 371 (2d Cir.1981); *English v. 21st Phoenix Corp.,* 590 F.2d 723 (8th Cir.1979).

■ Perhaps the best indication of the degree of severity of Permagrain's conduct is indicated by the present state of compliance with this Court's December 16, 1982 order. By letter of February 7, 1982, more than one month after Permagrain's compliance with this Court's December 16, 1982 order was required, Permagrain wrote to counsel for Pennwood. *See* Asher Letter of February 7, 1983, Exhibit "E" to Permagrain's memorandum of law of February 11, 1983. The February 7, 1983 letter indicated Permagrain's position at that time regarding the discovery. *See also* "Statement of Conference."

With respect to that portion of this Court's December 16, 1982 order directing Permagrain to file an appropriate response to Pennwood's request of October 5, 1982, for the production of documents, Permagrain filed such a response on February 10, 1983. Some of these documents have now been produced and others shortly will be produced. "Statement of Conference" at ¶ 1.

The Court further directed in its December 16, 1982 order that Permagrain file complete answers to Pennwood's First Set of Interrogatories Nos. 6, 16(a), 16(b), 18, 20, 21, 23, and 25. With respect to Interrogatories Nos. 6 and 21, Permagrain indicated in the February 7, 1983 letter that it would unilaterally decline to respond to those interrogatories and, instead, defer its answer "at this time" pending resolution by

the Court of Permagrain's motion to amend its answer and counterclaim, filed January 31, 1983. With respect to Interrogatories Nos. 16(a), 16(b), 18, 20, 23, and 25, Permagrain, again unilaterally, indefinitely deferred filing its answers pending "further investigation ... to adequately [sic] answer...." Permagrain's most recent response is that answers to Interrogatories Nos. 6, 16(a), 16(b), 18, 20, 23 and 25 will be filed within the next few days. Statement of Conference at ¶ 2. Counsel for Permagrain still has not indicated when it might answer Interrogatory 21 and produce the related documents. Statement of Conference at ¶ 3.

The Court also directed Permagrain to identify and produce all documents requested in Pennwood's First Set of Interrogatories Nos. 3 and 22. Permagrain's "response" to Interrogatory No. 3 is as follows:

Permagrain objects to this interrogatory on the grounds that it is unduly vague and ambiguous and overly broad, and Permagrain cannot meaningfully determine which documents or types of documents would be responsive to this interrogatory.

Permagrain, however, agreed to produce several categories of documents which it believed to be responsive to Interrogatory No. 3. With respect to Interrogatory No. 22, Permagrain's Response was as follows:

In view of the Court's ruling dismissing the claims for defective wood from Count I of the counterclaim, several of the figures previously supplied in answer to Interrogatory 21 (which relate solely to Count I) are no longer relevant. Moreover ... Permagrain is currently reevaluating the extent of its damages and will be revising its figures. Finally, until the Court rules on Permagrain's motion to amend, a response to this interrogatory is premature.

. Finally, in its December 16, 1982 order, the Court directed that Permagrain identify and produce all documents requested in Pennwood's First Request for Production of Documents Paragraph 12. Request for Production of Documents Paragraph 12 re-

quested all documents identified in Permagrain's answers to Pennwood's First Set of Interrogatories. Permagrain's "Response" to this portion of the Court's Order was:

Plaintiffs' First Set of Interrogatories calls for the identification of documents in Interrogatories 3, 22, 24, and 25. Documents responsive to interrogatory 3 will be produced for inspection and copying on mutually convenient terms, as specified above in answer to interrogatory 3. With respect to production of documents responsive to interrogatory 22, Permagrain refers to its response to interrogatory 22 set forth above. There are no documents in Permagrain's possession, custody, or control responsive to interrogatories 24 and 25, and Permagrain is unaware of the existence of any such documents.

In the view of the undersigned, even now, some two months after the date Permagrain was to comply with this Court's December 16, 1982 order and in the face of Permagrain's contention that sanctions are inappropriate because its conduct is not "egregious," Permagrain still has failed in part to comply with the Court's December 16, 1982 order. Permagrain originally determined that it was entitled not to respond to several of Pennwood's interrogatories pending resolution by this Court of Permagrain's motion to amend its answer and counterclaim. That motion was filed 1½ months after this Court ordered that Permagrain comply with discovery. It is unfathomable that Permagrain could contend that it is acting in good faith when it determines on its own that it need not comply with this Court's order pending resolution of a later filed motion which *might* conceivably render the requested discovery irrelevant. As indicated in the Statement of Conference, Permagrain has since changed its position in this regard and is willing to answer the interrogatories.

With respect to the direction that Permagrain file complete answers to Interrogatories Nos. 16(a), 16(b), 18, 20, 23, and 25, Permagrain again originally had the audacity to state that "After reviewing our files, we have determined that further investiga-

tion is necessary to adequately [sic] answer [these] interrogatories . . . these answers will be provided as soon as possible." The Court's order of December 16, 1982 directed compliance with the terms thereof "within 15 days after the date of this order. . . ." Were it the case that Permagrain was unable to comply within that 15-day time period, Permagrain's sole remedy was a request for an extension of time. This avenue for relief was not sought. Instead, Permagrain merely declined to comply with the Court's order. Permagrain has most recently agreed to comply in this regard.

With respect to the direction that certain documents be produced, Permagrain now posits an objection to the documents requested on the ground that the request is "unduly vague and ambiguous and overly broad . . ." Any right which Permagrain might previously have had to object to the request for production of documents was irrevocably waived when Permagrain failed to oppose Pennwood's November 19, 1982 motion to compel discovery. Permagrain's loose attempt to avoid the direction of this Court by listing classes of documents and agreeing to produce those documents cannot be considered to be compliance with the *letter* of this Court's December 16, 1982 order.

In sum, Permagrain, through its counsel, has demonstrated an incognizance of the word "order" and the rankest disregard for this Court's order of December 16, 1982. Permagrain's very late and only partial compliance with the terms of the Court's December 16, 1982 order may properly be construed as a willful and egregious failure to comply with the direction of this Court. Therefore, the issue becomes not whether sanctions under Rule 37 should be imposed but what sanctions are appropriate.

In the view of the undersigned, the order for sanctions under Rule 37 should ordinarily be directed toward the subject matter of the discovery which was not made. *See, e.g., English v. 21st Phoenix Corp.,* 590 F.2d 723 (8th Cir.1979); *Black v. Sheraton Corp.,* 371 F.Supp. 97 (D.D.C.1974). Because Permagrain has now decided to produce most

of the ordered discovery, a sanction relating to the documents not produced is largely inappropriate on this record. Therefore, the Court will decline to deem established for the purposes of this action that (1) acrylic wood flooring is a relevant product market under Sections 1 and 2 of the Sherman Act; (2) the continental United States is a relevant geographic market under Sections 1 and 2 of the Sherman Act; and (3) at all relevant times, Permagrain possessed a monopoly power in the relevant product and geographic markets of acrylic wood flooring in the continental United States.

However, at least one item of Court ordered discovery is still outstanding. Interrogatory No. 21 requested:

Please state with respect to each count of your counterclaim the amount of Permagrain's alleged damages and describe with particularity the manner and method by which such amount has been calculated.

Permagrain's continued failure to provide an answer to Interrogatory No. 21 has prejudiced Pennwood both in its ability to prepare fully for trial and in its evaluation of this case for purposes of settlement. In the view of the undersigned, when coupled with Permagrain's otherwise callous disregard for this Court's December 16, 1982 order, failure to answer Interrogatory No. 21 is a very serious matter indeed. Rule 37(b)(2)(B) allows this Court, in appropriate cases, to enter an order "refusing to allow the disobedient party to support . . . designated claims · . . ., or prohibiting him from introducing designated matters in evidence. . . ." It seems to the Court appropriate that Permagrain be precluded from submitting evidence at trial of its damages on the counterclaim. *E.g., Cromaglass Corp. v. Ferm,* 344 F.Supp. 924 (M.D.Pa. 1974).

With respect to the remainder of the ordered discovery, which was filed very late and in violation of this Court's December 16, 1982 order, the appropriate sanction is one which will effect deterrence for future failure to comply with this Court's orders and will compensate Pennwood for its in-

convenience. Rule 37 provides that "in lieu of any of the foregoing orders or in addition thereto, the Court *shall require* the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the Court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." F.R.Civ.P. 37(b)(2) (emphasis added). Attorney's fees may also be awarded for the motion for an order compelling discovery. F.R.Civ.P. 37(a)(4). As indicated from the foregoing, this Court is of the opinion that Permagrain's failure to comply with the Court's order and failure to oppose the motion to compel discovery was completely unjustified. In addition, no circumstances exist which would make an award of expenses unjust. To effect deterrence and compensate Pennwood for its inconvenience, upon the filing by Pennwood of an appropriate affidavit setting forth Pennwood's attorney's fees and expenses, the Court will make an appropriate award.

As to Pennwood's request that certain items be deemed established, the Court views such a result as somewhat harsh, albeit justifiable. Nonetheless, the Court will exercise its restraint and discretion and merely warn Permagrain and its counsel that future failure promptly and completely to comply with this Court's orders may result in contempt sanctions and other penalties under Local Rule 119.

At the time the motion for sanctions was filed, this case was about to be reached for trial. *See* Order of December 15, 1982, placing this case on the Williamsport April 1983 trial list. Since November 2, 1982, this Court has been trying the case of *United States v. Gleneagles, et al.,* No. 80–1424. The case is now in its 63rd day of trial. As a result of the unanticipated and unprecedented length of the *Gleneagles* case, this Court has been compelled repeatedly to transfer its other cases. Most recently, this

case was transferred to the Court's September 1983 trial list. *See* Order of March 4, 1983. Permagrain might argue that, because of this transfer, sanctions are inappropriate since Pennwood still has plenty of time to prepare for trial. First, the fortuity of these delays cannot inure to the benefit of Permagrain. Second, Permagrain has never satisfactorily justified its disregard for the terms of this Court's December 16, 1982 order. For these reasons, despite the transfer of this case to the Court's September 1983 list, severe discovery sanctions are appropriate.

An appropriate order will be entered.

## ORDER

1. The motion of Pennwood for sanctions is granted.

2. As a result of Permagrain's continued failure to answer Interrogatory No. 21, Permagrain is precluded from submitting evidence of damages on its counterclaim.

3. Pennwood may, within 15 days after the date of this order, file an affidavit setting forth its attorney's fees and expenses incurred from the filing of its motion to compel discovery and motion for sanctions. *See* Practice Order of December 16, 1981 at ¶ 9.

4. Permagrain may, if it desires to do so, file a memorandum of law addressing solely the amount and not Pennwood's entitlement to attorney's fees and expenses.

5. Pennwood may, if it desires to do so, file a reply memorandum within 10 days after the filing of Permagrain's memorandum.