943 F.2d 49
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
FIRST COMMERCIAL BANK, Plaintiff-Appellee,
v.
Patrick J. COLE, Defendant-Appellant.
 No. 89-1535.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 14, 1991.
Decided Aug. 30, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (CA-89-499-A)
 Patrick J. Cole, appellant pro se.
 Joseph Edward Bankert, Fairfax, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before PHILLIPS, WILKINS and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Patrick J. Cole appeals the magistrate judge's designation of facts as a discovery sanction and the district court's grant of summary judgment to First Commercial Bank in its fraud action against Cole. Having reviewed the district court's order and the record, we conclude that summary judgment was properly entered.
 
 
 2
 This Court reviews for abuse of discretion a decision by a magistrate judge to impose sanctions under Fed.R.Civ.P. 37(b)[1] for failure to comply with discovery orders. Wilson v. Volkswagen of America, Inc., 561 F.2d 494, 503-04 (4th Cir.1977).
 
 
 3
 In McMullen v. Travelers Ins. Co., 278 F.2d 834 (9th Cir.), cert. denied, 364 U.S. 867 (1960), the court held that the district court did not abuse its discretion when it designated facts and, on the basis of those facts, granted summary judgment against an insured who refused a physical examination. See also Insurance Corp. v. Compagnie Des Bauxites, 456 U.S. 694 (1982) (no abuse where jurisdictional facts were designated after repeated attempts by the court to force the defendants to comply with discovery orders).
 
 
 4
 The magistrate judge in this case did not abuse his discretion by imposing sanctions. Cole had repeatedly failed to comply with discovery orders. The designated facts concerned the areas of inquiry of the discovery sought. The designation of facts was both just and narrowly drawn.
 
 
 5
 Nor did the district court err when it granted summary judgment to the bank on the theory of constructive fraud. Constructive fraud requires proof that there was a material false representation, that the hearer believed it to be true, that it was meant to be acted on, that it was acted on, and that damage was sustained. Bergmueller v. Minnick, 238 Va. 332, 337, 383 S.E.2d 722, 725 (1989); Nationwide Ins. Co. v. Patterson, 229 Va. 627, 629, 331 S.E.2d 490, 492 (1985). The maker of the statement may be found to have committed fraud whether the representation was made innocently or knowingly. Packard Norfolk, Inc. v. Miller, 198 Va. 557, 561, 95 S.E.2d 207, 210 (1956), citing Jefferson Standard Life Ins. Co. v. Hedrick, 181 Va. 824, 27 S.E.2d 198 (1943).
 
 
 6
 The designated facts in this case and Cole's answer support the district court's grant of summary judgment on the theory of constructive fraud. Cole, without implied or express authority, placed McKenzie's stamped signature along with his own, on an authority of partnership form and a business signature card which enabled him to negotiate checks on a partnership dissolution account. Cole represented to the bank that he had the authority to add his signature. The bank was damaged in the amount of $28,500 when it negotiated the checks drawn by Cole. The district court correctly granted summary judgment to the bank.
 
 
 7
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 The rule authorizes sanctions including "an order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order."