### In re FINKELSTEIN.
### GOLDSTEIN v. S. BLECHMAN & SONS, Inc.
### No. 298.

Circuit Court of Appeals, Second Circuit.
March 27, 1939.

Jacob P. Shulman, of New York City, for appellant.

Nathan B. Fogelson, of New York City, for appellee.

Before SWAN, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

PER CURIAM.

This is an appeal from an order denying the defendant's motion for summary judgment in a plenary suit brought by a trustee in bankruptcy on November 10, 1938, to recover alleged preferences received by a creditor of the bankrupt. It is not a final order and is therefore not appealable. Jurisdiction of the district court rests upon sections 23b and 60b of the Bankruptcy Act, 11 U.S.C.A. §§ 46(b) and 96(b). Prior to the 1938 amendments to the Bankruptcy Act, this court had held that such suits were not "controversies arising in bankruptcy proceedings" within the meaning of section 24a, 11 U.S.C.A. § 47(a), relating to appellate jurisdiction. Lowenstein v. Reikes, 2 Cir., 54 F.2d 481, 482, certiorari denied 285 U.S. 539, 52 S.Ct. 311, 76 L.Ed. 932; accord, Exchange Nat. Bank v. Meikle, 9 Cir., 61 F. 2d 176. We find nothing in those amendments to make section 24a applicable to plenary suits, if it was not so before; indeed, the interlocutory orders mentioned in that section seem to be confined to those entered in "proceedings in bankruptcy." Since our appellate jurisdiction in plenary suits in the district court is derived from section 128 of the Judicial Code, 28 U.S.C.A. § 225 (Lowenstein v. Reikes, supra), it is limited to a review of

final decisions, except as otherwise therein specified. The order now before us is not within the exceptions. Consequently the appellee's oral motion to dismiss the appeal must be granted.

Appeal dismissed.