BETMAR HATS, Inc., v. YOUNG AMERICA HATS, Inc., et al.

No. 134.

Circuit Court of Appeals, Second Circuit.

Jan. 22, 1941.

Harry Price, of New York City (Lester Gutterman, of New York City, of counsel), for complainant-appellant.

Irving Lederman, of Brooklyn, N. Y. (Joseph G. M. Browne, of Brooklyn, N. Y., of counsel), for defendants-appellees.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

On August 29, 1939, the defendant Bryan was granted a design patent D-116,426 for a certain type of woman's hat. He testified, on examination before trial, that he had designed the hat covered by his patent and put it on the market in June, 1939. The complainant furnished proof by affidavit that the hats which it had marketed and which are said by the defendants to infringe the Bryan design patent, were designed by complainant's president, Murray J. Marks, in November, 1938. This proof was not effectively contradicted and the court below found that Marks' design was identical with that of the Bryan patent afterwards issued.

The defendants brought no suit to have the patent D-116,426 adjudged valid and infringed by the complainant or its customers but, instead of doing this, repeatedly issued circulars to the trade warning the customers that its hats infringed the Bryan design patent.

■ On January 2, 1940, the complainant obtained a patent No. 2,185,306 relating to structural improvements in ladies' hats which apparently had nothing to do with the type of hats said by defendants to be covered by D-116,426. Defendants say that the complainant does not come into court with clean hands because the complainant's customers have advertised hats made under patent No. 2,185,306 with the patent number marked on the advertising. But these customers neither circulated advertising that was threatening or was directed at the defendants. The argument as to unclean hands is wholly unfounded.

■ The further contention is made on behalf of the defendants that the complainant should have sought a summary judgment and a preliminary injunction more promptly, if it was to seek such relief at all, and that it is now barred by laches. But the present suit had only been at issue for about six months at the time when the motions were made and could hardly have been reached for trial. Moreover, it was the defendants' duty to seek to have its design patent adjudicated in a suit to obtain an injunction and damages for infringement instead of seeking relief by repeated threats. Such threats when made under circumstances like the present should be enjoined. Judge Patterson adopted this view in Artloom Corporation v. National Business Bureau, Inc., D.C., 48 F.2d 897, 898, and cited numerous authorities in support of his decision.

Even if we disregard the fact that design patents in the millinery field have generally proved vulnerable, persistent threats to the trade, unsupported by any attempt to have the patentee's claims established by suit, will not be permitted. Adriance, Platt & Co. v. National Harrow Co., 2 Cir., 121 F. 827; Racine Paper Goods Co. v. Dittgen, 7 Cir., 171 F. 631; A. B. Farquhar Co. v. National Harrow Co., 3 Cir., 102 F. 714, 49 L.R.A. 755. Failure to assert their rights in the customary way indicated a lack of good faith on the part of the defendants.

The order denying the injunction pendente lite should be reversed and an injunction should issue restraining the defendants pendente lite from printing or circulating further warning notices and threatening advertisements of the types which were printed and published on September 6, 1939, and again on May 8, 1940.

■ Order reversed, with costs to appellant, in so far as it refuses to grant an injunction pendente lite. The appeal so far as it is from the denial of the motion for summary judgment is dismissed because the disposition of the motion did not result in a final order.