**CROMAGLASS CORPORATION, Williamsport, Pa. (a Pennsylvania corporation), Appellant,**

v.

**Carl FERM et al.**

**No. 72–1815.**

United States Court of Appeals, Third Circuit.

Argued Sept. 13, 1973.

Submitted en banc April 11, 1974.

Decided July 18, 1974.

As Amended Aug. 1, 1974.

602

John C. Youngman, Jr., Candor, Youngman, Gibson & Gault, Williamsport, Pa., William H. Pattison, Jr., Pattison, Wright & Pattison, Bethesda, Md., for appellant.

Nathaniel A. Humphries, Peter N. Lalos, Mason, Fenwick & Lawrence, Washington, D. C., for appellees.

## OPINION OF THE COURT

Argued Sept. 13, 1973.

Before BIGGS, ADAMS and RO-SENN, Circuit Judges.

Submitted en banc April 11, 1974.

Before SEITZ, Chief Judge, and BIGGS, VAN DUSEN, ALDISERT, ADAMS, GIBBONS, ROSENN, HUNTER, WEIS and GARTH, Circuit Judges.

BIGGS, Circuit Judge.

This case presents the issue of appealability of sanctions imposed by the district judge for failure to comply with discovery orders. The original jurisdiction is stated in the complaint to be as follows: "This Court has jurisdiction of the claim of plaintiff for relief which involves damages in excess of Ten Thousand Dollars ($10,000.00); and which arises under the laws of the United States, to wit: Title 35, U.S.Code, Sections 281–287, 289 and 292; and Title 28, Sections 1331, 1338 and 1355."

Plaintiff-appellant Cromaglass Corporation (Cromaglass) sued the defendant-appellees, Ferm, Sechler, and Plast-A-Form Corporation alleging patent infringement, false marking, and unfair competition, in relation to the manufacture and sale of aerobic household sewage treatment units. The district court concluded on defendants' motion that Cromaglass' alleged failure to answer certain interrogatories warranted imposition of sanctions against it and ordered that a number of facts be taken as

established, in favor of the defendants, in accordance with Rule 37(b)(2)(A) and that Cromaglass be precluded from supporting its claims or introducing certain designated matters in evidence in accordance with Rule 37(b)(2)(B). The court also made a finding of civil contempt against Cromaglass and its attorney Pattison and assessed against them as reasonable expenses and counsel fee the sum of $4,000.

Judge Muir filed his opinion, 344 F. Supp. 924, on June 27, 1972, and the order referred to is as follows:

"United States District Court For the Middle District of Pennsylvania

Cromaglass Corporation, *Plaintiff*
            *vs.*
Carl Ferm, Fred R. Sechler and
Plast-A-Form Corporation, *Defendants*

Civil Action
No. 71–23

### Order Imposing Sanctions

In accordance with the Opinion filed this day, It is Ordered and Adjudged that:

1. The Defendants' amended motion for imposition of sanctions on Plaintiff for failure to answer Interrogatories 20, 21, 24 and 25 as directed by the court's order of March 22, 1972, is granted.

2. The following facts shall be taken to be established for the purposes of this action in accordance with the claims of the Defendants.

2.1 Carl Ferm acquired no confidential or specialized knowledge or information respecting the fabrication or sale of aerobic sewage treatment equipment while in the employ of The Cromar Company, Plaintiff's predecessor.

2.2 There is no confidential or specialized knowledge or information of the Plaintiff involved in the fabrication of Defendants' aerobic sewage treatment equipment.

2.3 There is no confidential or specialized knowledge or information involved in the sale of Defendants' aerobic sewage treatment equipment to which Plaintiff has any right.

3. The Plaintiff shall not introduce into evidence anything relating to matters contained in Sub-Paragraph (8) of Count IV of the Complaint except that Plast-A-Form Corporation initiated the manufacture and sale of aerobic sewage treatments units subsequent to April 19, 1969.

4. The Plaintiff and its patent attorney, William H. Pattison, Jr., are in civil contempt of the lawful order of this court dated March 22, 1972, by reason of Plaintiff's refusal to answer interrogatories 20, 21, 24, and 25 propounded to Plaintiff on June 4, 1971. This order shall not bar a finding of criminal contempt as to the same persons and Allan N. Young, Jr., President of Plaintiff, with respect to the same interrogatories.

5. The Plaintiff and the patent attorney, William H. Pattison, Jr., who advised it shall jointly and severally pay to the Defendants as reasonable expenses, including counsel fees, the sum of $4,000.00 within thirty days hereof, said expenses having been caused by the unjustified failure of Plaintiff to answer interrogatories 20, 21, 24, and 25 as required by the above order of March 22, 1972. There are no circumstances making the award unjust.

6. The Plaintiff is and has been since March 29, 1972 in default with respect to Paragraph 4 of the order of March 22, 1972, requiring submission of a proposal concerning inspection and photographing of parts of Plaintiffs' premises located in the Williamsport, Pa. area. Unless the default is cured within ten days from the date of this order, Defendants may move for additional sanctions.

MUIR, United States District Judge

DATED: June 27, 1972."

An appeal *in toto* was taken from this order by the plaintiff Cromaglass and this constitutes the subject matter of what is presently before us. No appeal

was taken by Cromaglass' counsel, William H. Pattison, Jr., Esquire.

A motion to dismiss the appeal was filed by the appellees, as follows: "Appellees, by their attorneys, hereby move the Court for an order dismissing the appeal filed herein by Appellant from the order of June 27, 1972 of the U.S. District Court for the Middle District of Pennsylvania in Civil Action No. 71–23, on the ground that such order is a nonappealable interlocutory order."

On November 16, 1972, another panel of this court had before it this motion to dismiss the appeal on the ground that the order appealed from was a nonappealable interlocutory order. This motion was denied.[1] There was also a motion before that panel for a stay of appellate proceedings pending disposition of appellees' motion to dismiss which also was denied, and the defendant was granted ten days to serve its brief and appendix. On November 24, 1972, an order was entered by that same panel referring the appellees' motion to strike certain portions of appellant's appendix to the panel which would consider the appeal on the merits.

It is apparent that if the appeal is dismissed, it is unnecessary to consider the motion to strike certain portions of appellant's appendix.

Judge Muir denoted his order as one imposing sanctions in civil contempt. The parties apparently agree that the contempt order here appealed from sounds in civil contempt, and with this conclusion we have no dispute. *See* Shillitani v. United States, 384 U.S. 364, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966).

■ The appellate courts will look to the substance of the order rather than the form. *See, e. g.,* Southern Railway Co. v. Lanham, 403 F.2d 119 (5 Cir. 1968). The distinction is whether the penalty compensates the injured par-

ty (civil) or whether it is solely punitive to vindicate the public justice (criminal). Civil contempt is wholly remedial. *See* Fireman's Fund Ins. Co. v. Myers, 439 F.2d 834, 837 (3 Cir. 1971). A judgment in civil contempt serves only the purpose of a party litigant, and is intended to coerce compliance with an order of the court or to compensate for damage caused by noncompliance as here.

■ The previous panel denied the motion to dismiss the appeal in its totality. We had believed it to be well settled both in this circuit and other circuits that, at least with respect to a party to the litigation, an order holding a party in civil contempt was in fact an interlocutory order and was not appealable except on final judgment. This we thought was made clear by such cases as Fireman's Fund Ins. Co. v. Myers, 439 F.2d 834 (3 Cir. 1971); Securities and Exchange Commission v. Naftalin, 460 F.2d 471, 475 (8 Cir. 1972). Appellants' attorney is not a party to the litigation but on the other hand he has not appealed. *See* Southern Railway Co. v. Lanham, 403 F.2d 119, 124 (5 Cir. 1968); Fenton v. Walling, 139 F.2d 608 (9 Cir.), cert. denied, 321 U.S. 798, 64 S.Ct. 938, 88 L.Ed. 1086 (1943).

It is interesting to note that the appellees in their brief supporting their motion to dismiss have made no specific reference whatsoever to the lack of appealability of a civil contempt order.

■ Paragraphs 2 and 3 of Judge Muir's order, based upon Rule 37(b)(2)(A) and (B), Fed.R.Civ.P., present an issue as to appealability which is not as easily determinable as that portion of the order which deals with civil contempt. Its disposition requires the discussion set out hereinafter. It is clear that these sanctions do not represent a "final order," appealable as

---

1. It is noteworthy that under revised procedures of this Court, if the motion panel is of the view that a motion to dismiss an appeal be not granted, it is referred by order, without decision or without prejudice, to the panel which is to determine the appeal on the merits. Internal Operating Procedures of the United States Court of Appeals for the Third Circuit § Q5 (1974).

of right under 28 U.S.C. § 1291. Assuming the order to be "final" with respect to the claims involved, *see* Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 76 S.Ct. 895, 100 L.Ed.2d 1297 (1956), it adjudicates fewer than all the claims raised in the complaint. Hence, absent a Rule 54(b) certification by the district court, the general "finality" prerequisite of this statute has not been met, unless the order is deemed to fall within one of the exceptions to this rule. *See* Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949); Forgay v. Conrad, 47 U.S. (6 How.) 201, 12 L.Ed. 404 (1848). The sanctions imposed represent neither a collateral matter which could not be reviewed on final judgment nor a judgment which is final except for ministerial acts; therefore, an appeal will not lie under 28 U.S.C. § 1291. *See* Eisen v. Carlisle, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974); United States v. Estate of Pearce, 498 F.2d 847 (3 Cir. 1974); 9 J. Moore, Federal Practice ¶¶ 110.08–110.11 (2d ed. 1973).

Cromaglass asserts that 28 U.S. C. § 1292(a)(1) provides a basis of appeal, urging that the imposed sanctions effectively eliminated its requests for both preliminary and permanent injunctive relief on a significant portion of the unfair trade practice claim.

Of the numerous claims for relief, the Rule 37(b)(2)(A) and (B) sanctions were directed solely to Count IV(8). The claim alleged that Plast-A-Form Corporation utilized confidential information, acquired by Carl Ferm while in the employ of the appellant's predecessor, in the manufacture and sale of aerobic sewage treatment equipment. The corresponding request for relief sought preliminary and permanent injunctive relief against the appellees for such continued unfair competitive practices.

In determining whether an order is appealable as of right under 28 U.S.C. § 1292(a)(1), a practical view of the consequences of permitting appeal must be taken with due regard to the purposes of the statute, the effect on the rights of

the parties and the inconvenience of piecemeal review. *Cf.* Eisen v. Carlisle, *supra.* Several Second Circuit decisions are illustrative of the analysis.

In Western Geophysical Co. of America v. Bolt Associates, Inc., 440 F.2d 765 (2 Cir. 1971), the plaintiff moved for judgment on the pleadings and for summary judgment in respect to certain antitrust defenses based on the Sherman Act and the Clayton Act. The court denied the motion in respect to the Sherman Act defenses and counterclaim but granted it in respect to the Clayton Act claim. After this occurrence, the district court reiterated its earlier rulings in respect to the amended complaint and answer and ordered a separate trial on a newly pleaded sixth counterclaim. The appeal followed and on a motion to dismiss the appeal, Judge Friendly, speaking for the court, held in effect that where the second and sixth counterclaims were only two of the four counterclaims which sought injunctive relief and where Section 7 of the Clayton Act was only one of several alleged bases for relief asserted in the counterclaims and where the injunctive relief sought was almost identical except for a slightly broader prayer in the sixth counterclaim which was based upon alleged violations of the Sherman Act as well as the Clayton Act, the order of the trial court dismissing so much of the counterclaim as rested on the Clayton Act was not appealable since no single counterclaim had been dismissed in its entirety and the licensor, Bolt, could still obtain the full extent of the injunctive relief sought in the respective claims. Judge Friendly said at 769–771: "We turn next to Bolt's contention that so much of the order as struck the portions of the second and sixth counterclaims grounded upon § 7 of the Clayton Act was appealable as an interlocutory order refusing an injunction within 28 U.S.C. § 1292(a)(1), a section whose history is traced in Stewart-Warner Corp. v. Westinghouse Electric Corp., 325 F.2d 822, 829–830 (2 Cir. 1963) (dissenting opinion), cert. denied sub nom. Stewart-Warner Corp. v.

Canadian Westinghouse Co., 376 U.S. 944, 84 S.Ct. 800, 11 L.Ed.2d 767 (1964). If the issue had not previously arisen, something could be said for the proposition that when a complaint and answer present several claims, an order dismissing one of them which seeks an injunction, either on the merits or for lack of jurisdiction or improper venue, is not interlocutory but rather final with respect to that claim and is subject to appeal only if the district court properly certifies its action as a final judgment under F.R.Civ.P. 54(b). However, there are weighty arguments on the other side, and the division among the courts was settled in favor of appealability as from an interlocutory order refusing an injunction, prior to adoption of the Rules of Civil Procedure, in General Electric Co. v. Marvel Rare Metals Co., 287 U.S. 430, 53 S.Ct. 202, 77 L.Ed. 408 (1932). We applied that principle, after adoption of the rules, in Cutting Room Appliances Corp. v. Empire Cutting Machine Co., 186 F.2d 997 (2 Cir. 1951), in Telechron, Inc. v. Parissi, 197 F.2d 757 (2 Cir. 1952), and, in the writer's view improperly, in Stewart-Warner Corp. v. Westinghouse Electric Corp., *supra*, 325 F.2d 822. Hence, if Bolt had asserted only one counterclaim seeking injunctive relief and this had been based solely on § 7 of the Clayton Act, an order striking the counterclaim for failing to state a claim on which relief could be granted or rendering summary judgment against Bolt would have been appealable under 28 U.S.C. § 1292(a)(1).

"Bolt's difficulty is that its appeal does not mirror the hypothetical just stated. The second and sixth counterclaims were only two of four which sought injunctive relief under the antitrust laws, and § 7 of the Clayton Act was only one of several bases for relief asserted in these two counterclaims. The prayers for injunctive relief in counterclaims Two, Three, and Four are virtually identical. Although the Sixth counterclaim's injunctive prayer is somewhat broader than that stated in the others, it—like the Second counterclaim —rests upon alleged violations of the Sherman Act as well as of Clayton Act § 7. Hence, the decision of a divided court in Glenmore v. Ahern, 276 F.2d 525, 545 (2 Cir.), cert. denied sub nom. Tri-Continental Financial Corp. v. Glenmore, 362 U.S. 964, 80 S.Ct. 877, 4 L.Ed.2d 878 (1960), does not mandate appellate jurisdiction here. In *Glenmore*, the district court had granted defendant's motion to dismiss the sixth count of a multi-count complaint. The dismissed count had sought the same injunctive relief as several other counts but on 'a distinct legal theory,' indeed, a distinct claim— failure to obtain I.C.C. authorization for significant changes in the rights and privileges of the holders of railroad preferred stock as required by § 20(a) of the Interstate Commerce Act, cf. Original Ballet Russe, Ltd. v. Ballet Theatre, Inc., 133 F.2d 187, 189 (2 Cir. 1943). Although other counts seeking an injunction on non-statutory grounds remained undetermined, we held the dismissal of the sixth count to be appealable under § 1292(a)(1). Here, by contrast, no single counterclaim on Bolt's has been dismissed in its entirety. Bolt may still secure the full extent of injunctive relief prayed for in each claim that it has stated. Cf. Cott Beverage Corp. v. Canada Dry Ginger Ale, Inc., 243 F.2d 795 (2 Cir. 1957); Backus Plywood Corp. v. Commercial Decal, Inc., 317 F.2d 339, 341 (2 Cir.), cert. denied, 375 U.S. 879, 84 S.Ct. 146, 11 L.Ed.2d 110 (1963); Rabekoff v. Lazere & Co., 323 F.2d 865 (2 Cir. 1963); McNellis v. Merchants Nat. Bank & Trust Co., 385 F.2d 916 (2 Cir. 1967), all dealing with the related problem under F.R.Civ.P. 54(b). Under these circumstances, we cannot see that the judge's striking the references to § 7 of the Clayton Act differed essentially from the exclusion of evidence or refusal to hear arguments relating solely to violation of that section."

To abbreviate and perhaps over simplify the ruling in *Western Geophysical*, the court held in substance that the injunctive relief could be granted on

pleadings which were not dismissed by the trial court; that therefore the motion to dismiss the appeal should be granted. This was done. Since equivalent injunctive relief remained available the court deemed this to be sufficient and granted the motion to dismiss the appeal. The contents of the opinion inspire the belief that if other pleadings had not offered a basis for the relief sought the court of appeals would have refused to dismiss the appeal.[2]

The most pertinent recent decision of the Court of Appeals for the Second Circuit cited and relied on by Cromaglass is Abercrombie & Fitch Co. v. Hunting World, Inc., 461 F.2d 1040 (2 Cir. 1972). In this case the cause of action was based upon infringement of Abercrombie's trademark "Safari" by Hunting World. Hunting World moved for summary judgment under Rule 56(b), Fed. R.Civ.P., on the ground that it had not infringed the trademark. The district court granted partial summary judgment, denying a Rule 54(b) certification. The appeal to the Second Circuit Court was on the basis of § 1292(a)(1), which reads in pertinent part as follows: "(a) The courts of appeals shall have jurisdiction of appeals from: (1) Interlocutory orders of the district courts of the United States * * * granting, continuing, modifying, refusing or dissolving injunctions * * *." Judge Timbers stated: "If the relief sought below by plaintiff had been cast in the form of a claim for preliminary injunction, rather than for summary judgment, then I take it that the court's interlocutory order refusing such injunction quite clearly would be appealable under § 1292(a)(1). That being so, it seems to me that the order here under review which finally dismissed certain of plaintiff's claims for injunctive relief with respect to the alleged infringement of plaintiff's trademark rights *a fortiori* is appealable under § 1292(a)(1). Although other claims for injunctive relief are still pending, the dismissed claims sought relief on a legal theory distinct from the retained claims. I find the instant case to be indistinguishable from Glenmore v. Ahern, 276 F.2d 525, 545 (2 Cir.), cert. denied sub nom. Tri-Continental Financial Corp. v. Glenmore, 362 U.S. 964, 80 S.Ct. 877, 4 L.Ed.2d 878 (1960), where our Court held appealable under § 1292(a)(1) an order of a district court which had dismissed one count of a multi-count complaint, the dismissed count having sought the same injunctive relief as several other counts but on a distinct legal theory. 276 F.2d at 545–547." The statement by Judge Timbers seems to sum up briefly and adequately the rationale of the Second Circuit decisions.[3]

The reasoning of earlier decisions of this court[4] need not be elaborated at length here but can be summed up adequately, we think, on the basis of Cohen v. Beneficial Loan Corp., *supra*, 337 U.S. at 545, 69 S.Ct. at 1225, where Mr. Justice Jackson stated that Section 1292 indicates " * * * the purpose to allow appeals from orders other than final

---

2. For another case throwing some light on this difficult issue and the approach of the Second Circuit Court of Appeals see Stewart-Warner Corp. v. Westinghouse Electric Corp., 325 F.2d 822, 828 (1963), Judge Lumbard writing the majority opinion and Judge Friendly dissenting.

3. *See also* Drittel v. Friedman, 154 F.2d 653 (2 Cir. 1946); Betmar Hats v. Young America Hats, 116 F.2d 956 (2 Cir. 1941); In re Finkelstein, 102 F.2d 688 (2 Cir. 1939); Jones v. St. Paul Fire & Marine Ins. Co., 108 F.2d 123 (2 Cir. 1939); Knickerbocker Toy Co. v. Faultless Starch Co., 467 F.2d 501 (Cust. & Pat.App.1972).

4. *See, e. g.*, Morgenstern Chemical Co. v. Schering Corp., 181 F.2d 160 (3 Cir. 1950); Albert v. School District of Pittsburgh, 181 F.2d 690 (3 Cir. 1950); American Airlines v. Forman, 204 F.2d 230 (3 Cir. 1953); Hook v. Hook & Ackerman, Inc., 213 F.2d 122 (3 Cir. 1954); District 65, Distributive, Processing and Office Workers Union of New York and New Jersey v. McKague, 216 F.2d 153 (3 Cir. 1954). *See also*, Hackett v. General Host Corp., 455 F.2d 618 (3 Cir.), cert. denied, 407 U.S. 925, 92 S.Ct. 2460, 32 L.Ed.2d 812 (1972), wherein Judge Gibbons held that an order denying confirmation of an action as a class action was interlocutory and not appealable.

judgments when they have a final and irreparable effect on the rights of the parties." See also the authorities cited in the 12th paragraph of Judge Hastie's opinion in Morgenstern Chemical Co. v. Schering Corp., 181 F.2d 160 (3 Cir. 1950). It is interesting to note that there was no denial of an injunction here. No order has been made directly denying preliminary or permanent injunctive relief. Cromaglass could have insisted on a Rule 65 hearing and had the trial judge refused such a hearing, mandamus would lie. If the Rule 65 hearing resulted in a denial of an injunction, Cromaglass indeed would have an appealable order. We should not broaden the scope of review of the decisions of the district court.

We believe the law to be correctly stated by the following two authorities: 4 J. Moore, Federal Practice ¶ 26.83 [7], at 26–601 (2d ed. 1972), states "Other orders [made pursuant to the Discovery Rules] however, are clearly interlocutory, and not final or appealable, such as an order that a particular matter be taken as established [Rule 37(b)(2)(A)] or refusing to allow a party to support or oppose designated claims or defenses or prohibiting him from introducing certain evidence [Rule 37(b)(2)(B)] or striking pleadings or staying proceedings [Rule 37(b)(2)(C)]." (Citing Hartley Pen Co. v. United States District Court, 287 F.2d 324 (9 Cir. 1961).)

14 Bender's Forms of Discovery § 9.12 at 58 (1968), states: "Directly contrasted with order dismissing an action or directing the entry of a default judgment, some sanction orders are clearly interlocutory and are thus neither 'final' nor appealable. These are orders that particular matter be taken as established (pursuant to Rule 37(b)(2)(i)); denying a party the right to support or oppose specified claims or defenses or prohibiting the introduction of certain evidence (pursuant to Rule 37(b)(2)(ii)), or striking out pleadings or staying proceedings (pursuant to Rule 37(b)(2) (iii))." See also cases cited in the text. Cf. Wright & Miller, Federal Practice and Procedure, Section 2962, "Appeals—Injunctive Relief."

Our position is somewhat analogous to that taken by the Supreme Court in Switzerland Cheese Ass'n., Inc. v. E. Horne's Market, Inc., 385 U.S. 23, 87 S. Ct. 193, 17 L.Ed.2d 23 (1966). That decision resolved a conflict between the circuits as to the appealability, under 28 U.S.C. § 1292(a)(1), of a denial of a motion for summary judgment requesting injunctive relief. The Second Circuit deemed it appealable in Federal Glass Co. v. Loshin, 217 F.2d 936 (1954), opinion by Judge Learned Hand, concurring opinion by Judge Frank, and dissenting opinion by Judge Clark. Judge Learned Hand decided in substance, after discussing *inter alia* our decision in Morgenstern Chemical Co. v. Schering, 181 F.2d 161 (1950), that when the district court had entered an order denying a motion of the plaintiff for summary judgment the order was appealable on the ground that injunctive relief was thereby ultimately denied. Judge Frank took a somewhat similar view, stating, however, 217 F.2d at 938: "A contrary conclusion, by sheer ritualism, would waste time. For plaintiff, the next minute after the denial of the summary judgment motion, could present the same papers unchanged except for a new label, 'Motion for a preliminary injunction.' For that reason, I disagree with Morgenstern Chemical Co. v. Schering Corp., 3 Cir., 181 F.2d 160, where the court said at page 162: 'Nothing has occurred in or as a result of the denial of the motion [for summary judgment] which precludes plaintiff from seeking a temporary injunction in accordance with established procedure if he believes immediate injunctive relief is necessary and proper.'"

Responding to this position in *Horne's Market* Mr. Justice Douglas stated: "Unlike some state procedures, federal law expresses the policy against piecemeal appeals. See Baltimore Contractors, Inc. v. Bodinger, 348 U.S. 176, 75 S.Ct. 249, 99 L.Ed. 233. Hence we ap-

proach this statute somewhat gingerly lest a floodgate be opened that brings into the exception many pretrial orders. It is earnestly argued, however, that, although this order denied a permanent injunction, it was nonetheless 'interlocutory' within the meaning of § 1292(a)(1) because the motion for summary judgment did service for a motion for a preliminary injunction, and that therefore 'interlocutory' must also include a denial of a permanent injunction.

"We take the other view not because 'interlocutory' or preliminary may not at times embrace denials of permanent injunctions, but for the reason that the denial of a motion for summary judgment because of unresolved issues of fact does not settle or even tentatively decide anything about the merits of the claim." But compare Gillespie v. United States Steel Corp., 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964).

We conclude the appeal must be dismissed.

SEITZ, Chief Judge (dissenting).

I agree with the majority that a party may not appeal a civil contempt order under 28 U.S.C. § 1291 (1970). I cannot, however, accept the majority's conclusion that the remainder of the order below is not appealable.

One count of plaintiff's complaint alleges that Plast-A-Form has competed unfairly by utilizing specialized and confidential knowledge, acquired by Carl Ferm as an employee of plaintiff's predecessor corporation, in the manufacture and sale of aerobic sewage treatment equipment. Plaintiff prayed for preliminary and permanent injunctive relief on the basis of this allegation. The district court ordered taken as established the facts that Ferm acquired no such specialized or confidential knowledge while employed by plaintiff's predecessor and that Plast-A-Form used no such knowledge in its manufacture and sale of aerobic sewage treatment equipment. The court also prohibited

plaintiff from introducing evidence to support its specialized knowledge count except to show that Plast-A-Form does manufacture and sell the sewage treatment equipment.

It seems clear to me that the district court order effectively decides the unfair-competition-from-Ferm's specialized knowledge count against plaintiff. Under the strictures of the district court's order, plaintiff clearly cannot obtain relief on this count of its complaint. Since the relief sought was injunctive, the order is one refusing an injunction. To hold as the majority does that no injunction had been denied does not represent a realistic analysis of what the district court's order does to plaintiff's request for injunctive relief. To put it another way, it exalts form over substance. I would not have a party's right to appeal the denial of injunctive relief depend on the district court's choice in the form of that denial.

The majority, however, finds support for its conclusion in Switzerland Cheese Association v. Horne's Market, Inc., 385 U.S. 23, 87 S.Ct. 193, 17 L.Ed.2d 23 (1966). The district court there had denied a motion for summary judgment because it found disputed material issues of fact. As the Supreme Court noted, that order did not prevent the plaintiffs from obtaining injunctive relief, preliminary or permanent; the order decided "only one thing—that the case should go to trial." *Id.* at 25, 87 S.Ct. 195. I see no relation between the *Horne's Market* order and one, such as the order appealed from here, deciding that a party will not be allowed to prove matters necessary to obtain injunctive relief.

While the order undoubtedly forecloses plaintiff's ability to secure the requested injunctive relief, there is a more difficult problem in determining whether the order below is appealable under 28 U.S.C. § 1292(a)(1) (1970) as an interlocutory order refusing an injunction: does the complaint's inclusion of other claims for which injunctive relief

is prayed destroy appealability here?[1] The majority, which does not reach this matter, has quoted much of the decisional law relevant to this problem. The Second Circuit's position, basically, is that where more than one count of a complaint seeks injunctive relief, a denial of injunctive relief on less than all such counts is not appealable under § 1292(a)(1) unless the struck counts seek different injunctive relief than those remaining or seek relief on a "distinct legal theory." I believe this position properly harmonizes the policy against "piecemeal appeals" with the congressional desire to allow immediate review of interlocutory grants or refusals of injunctive relief. Applying this analysis to the instant case, I would find the order appealable because plaintiff's complaint seeks different injunctive relief under the specialized knowledge count than under other counts and does so on a distinct legal theory.[2]

Because I would find the order appealable under § 1292(a)(1) insofar as it established certain facts and prohibited proof of others, I would also find that we might properly decide the contentions concerning the civil contempt. The order appealed from contains not only the sanctions effectively denying plaintiff injunctive relief but also the civil contempt sanctions. The two matters might have been disposed of in separate orders; I, therefore, would not find decision of both matters mandated when only one is interlocutorily appealable. Since, however, § 1292(a) grants jurisdiction of appeals from orders, not of appeals from decisions of specified questions, I would find that we are authorized to decide other questions presented in an order appealable under § 1292(a) when decision of those questions is appropriate to proper judicial administration. See McCreary Tire & Rubber Co. v. CEAT, S.p.A., 501 F.2d 1032 (3d Cir. 1974); cf. Johnson v. Alldredge, 488 F.2d 820, 822–823 (3d Cir. 1973). The imposition of civil contempt sanctions involves the same issues as the district court's imposition of substantive sanctions, and where the latter action is appealable, decision of the propriety of both actions would promote efficient use of judicial resources.

Given the majority's disposition of this appeal, I deem it inadvisable to express my views on the merits.

Judge ADAMS joins in this opinion.

---

1. The parties obliquely address a related point that I think deserves at least oblique answer. Rule 54(b) of the Federal Rules of Civil Procedure allows appeal as a final judgment of any disposition of less than all claims if the district judge certifies his order as a final disposition of the affected claims. Although Rule 54(a) makes and rule applicable to all appealable orders and judgments, a literal interpretation of the rule would be inconsistent with § 1292— since a similar certification is required for certain interlocutory appeals (§ 1292(b)) but not for others (§ 1292(a)) authorized by the section, it seems clear the drafters of § 1292 chose not to require such certification as a prerequisite to appeals under § 1292(a). I would read Rule 54(b) as limited to appeals under § 1291. See C. Wright & A. Miller, Federal Practice and Procedure, Civil § 2962 (1973).

2. While the count involved here claimed unfair competition from Plast-A-Form's use of Ferm's specialized knowledge, the other counts claim patent infringement and false advertising. The complaint seeks, on the basis of the specialized knowledge count, injunctive relief against Plast-A-Form's use of Ferm's knowledge to manufacture and sell sewage treatment equipment; other counts support claims for relief from Plast-A-Form's use of certain designs for such equipment and their means of advertising the equipment, both different and more limited types of relief than sought under the foreclosed count.