817 F.2d 102
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
J. Carl POINDEXTER, Plaintiff-Appellant, a
Josephine POINDEXTER, Plaintiff,
v.
TOWN OF ROCKY MOUNT, VIRGINIA; Allen O. Woody, Jr., Mayor
of the Town; David A. Furrow, Attorney of the Town; David
A. Melesco, Attorney of the Town; William J. Walker, Jr.,
Clerk of the Circuit Court of Franklin County, Defendants-Appellees.
J. Carl POINDEXTER; Josephine Poindexter, Plaintiffs-Appellants,
v.
TOWN OF ROCKY MOUNT, VIRGINIA; David A. Melesco, Attorney of
the Town, Defendants-Appellees, a
Allen 0. Woody, Jr., Mayor of the Town; David A. Furrow,
Attorney of the Town; William J. Walker, Jr.,
Clerk of the Circuit Court of Franklin
County, Defendants.
 Nos. 86-1258, 87-1003.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 16, 1987.
Decided April 22, 1987.
 
 Before HALL, PHILLIPS, and SPROUSE, Circuit Judges.
 
 
 1
 J. Carl Poindexter, appellant pro se.
 
 
 2
 Joseph William Hooge Mott, Assistant Commonwealth's Attorney, for appellees Rocky Mount and Melesco.
 
 
 3
 Daniel Simpson Brown, Woods, Rogers & Hazlegrove, for appellee Woody.
 
 
 4
 T. Keister Greer, Greer & Greer, for appellee Furrow.
 
 
 5
 John M. Huddle, James Rudy Austin, Gentry, Locke, Rakes & Moore, for appellee Walker in No. 86-1258.
 
 
 6
 Daniel Simpson Brown, Woods, Rogers & Hazlegrove, for appellee Rocky Mount.
 
 
 7
 Dudley Foster Woody, Woods, Rogers & Hazlegrove, for appellee Melesco in No. 87-1003.)
 
 PER CURIAM:
 
 8
 This case involves consolidated appeals filed by J. Carl Poindexter.* First, Poindexter appeals the district court's order imposing a sanction on him for filing a frivolous motion. Second, Poindexter appeals the denial of his motion for rehearing on summary judgment granted for two of the five defendants. Judgment has not been entered as to three remaining defendants. Thus, there has been no final judgment; this Court lacks jurisdiction to hear either of these appeals, and they shall be dismissed.
 
 
 9
 The jurisdiction of this Court is not triggered until the district court has rendered a final judgment. See 28 U.S.C. Sec. 1291. A district court decision which adjudicates the rights and liabilities of fewer than all of the parties is not a final judgment. See Fed. R. Civ. P. 54(b). While the court dismissed two defendants from the suit, the underlying case is still pending as to three remaining defendants.
 
 
 10
 The district court may direct the entry of final judgment as to one or more but fewer than all the parties pursuant to Rule 54(b). In such a case, the court must make an express determination that there is no just reason for delay and must make an express direction for the entry of judgment. See Fed. R. Civ. P. 54(b). Neither the court order granting summary judgment, nor the motion denying rehearing, contained certification; thus, this Court lacks jurisdiction until the district court renders a judgment which adjudicates all of the claims against all of the defendants. Poindexter's appeal from the denial of rehearing on the grant of summary judgment shall be dismissed.
 
 
 11
 Poindexter's appeal from the court order imposing sanctions will also be dismissed. An order imposing sanctions on a party during the pendency of the litigation is not a final order for purposes of appeal. See Robinson v. Tanner, 798 F.2d 1378, 1380-82 (11th Cir. 1986) (sanctions for discovery abuses not appealable until after final judgment where appellant was party to action and did not claim irreparable injury or loss); Eastern Maico Distributors, Inc. v. Maico-Fahrzeuqfabrik, 658 F.2d 944, 947-51 (3d Cir. 1981) (court of appeals lacked jurisdiction over appeal from monetary sanction regarding discovery obligations; such sanction was neither final decision nor collateral order); Cromaglass Corp. v. Ferm, 500 F.2d 601, 604 (3d Cir. 1974) (order imposing sanctions for failure to answer interrogatories was interlocutory and was not appealable except on final judgment). Poindexter, as a party to the action, may effectively appeal from a final judgment, and he has not alleged that paying the sanction will cause him irreparable injury or loss. As there has been no final order in this case, we lack jurisdiction to hear Poindexter's appeal from the imposition of sanctions, and his appeal shall be dismissed.
 
 
 12
 Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument, grant appellees' motions to dismiss, and dismiss the appeals. We decline to award attorney's fees or costs under Fed. R. App. P. 38.
 
 
 
 *
 Poindexter's wife Josephine is a co-appellant in No. 87-1003, the appeal from a denial of rehearing on summary judgment granted for two defendants